BOSTON TEA COMPANY, PLAINTIFF IN ERROR, V ALVAH H. BRUBAKER, DEFENDANT IN ERROR.

[FILED MAY 16, 1889.]

1. **Practice.** There is no question of law presented by the pleadings.

2. **Remittitur.** The verdict of the jury being for too great an amount in favor of the defendant in error, he is required to remit the excess as a condition to the affirmance of the judgment.

ERROR to the district court for Gage county.  Tried below before BROADY, J.

*Winter & Kauffman,* for plaintiff in error.

*A. D. McCandless,* for defendant in error, cited: *W. A. Wood Mowing and Reaping Machine Co. v. Crow,* 30 N.W. Rep. 609; *Winch v. Baldwin,* 28 Id. 62; *Clanton v. Des Moines & O. S. R. Co.,* 25 Id. 277; *Walsh v. Culbertson's Estate,* 38 Id. 631; Parsons on Contracts, vol. 1, p. 44; *Campbell v. Sherman,* 49 Mich. 534.

COBB, J.

This was an action in the nature of assumpsit brought by the defendant in error against the plaintiff in error in the Gage county district court, for goods, wares, and merchandise, sold and delivered.  The petition alleges that on the fourth day of November, 1887, plaintiff sold and shipped to said defendant, at Council Bluffs, Iowa, at the defendant's request one car load of potatoes, containing five hundred and one bushels of potatoes, at the agreed price of forty-eight cents per bushel, amounting to the sum of $240.48; that defendant received said potatoes, paid the freight thereon, unloaded them, and put them in its cellar at Council Bluffs, Iowa, and refused to pay for them, and still refuses to pay for them; that there is now due to plaintiff from the defendant, for said potatoes, the sum of $240.48, no part of which has been paid, etc.

Defendant made answer to said petition, alleging that on or about the first day of November, 1887, it bargained at plaintiff's request for one car load of potatoes of No. 1 extra good quality, and to be in first-class condition when delivered on track at Lanham, state of Nebraska; and that defendant agreed to purchase from the plaintiff said car load of potatoes, in quality as aforesaid and in good

condition when delivered on track at Lanham, Nebraska, at the sum of fifty cents per bushel; that in consideration of the premises the plaintiff then promised the defendant that said car load of potatoes as aforesaid would be delivered on the track at Lanham, Nebraska, at the rate of fifty cents per bushel, which was agreed to be paid by defendant for the quality and the condition of the potatoes; that relying upon said promises and statements of the said plaintiff, the defendant purchased the same for the price and upon the terms and conditions as aforesaid. But defendant says that when said car load of potatoes was delivered on the track at Lanham, and when the same reached Council Bluffs, Iowa, in about six days thereafter, the said potatoes were badly damaged, and were of inferior quality, and upon examination by defendant, the said car load of potatoes was found imperfect, and did not conform to the quality and kind of potatoes purchased from the said plaintiff, and not worth to exceed the sum of thirty cents per bushel, there being in said car load not to exceed 500 bushels; that if said goods had been perfect and had conformed to the promise and statements made in reference to said contract with said plaintiff, they would have been worth the sum of fifty cents per bushel, but defendant alleges that they were worth not to exceed the sum of thirty cents per bushel as aforesaid; that when said car load of potatoes arrived at Council Bluffs as aforesaid, the said defendant unloaded and stored the same safely for the purpose at that time of preserving the same from loss by freezing, and not for the purpose of accepting the same on the contract as aforesaid; and defendant says that at said time the weather was intensely cold, and it was unsafe to allow the said car load of potatoes to remain in said car, as it would have been great loss and damage to said plaintiff, as defendant says and believes; that as soon as defendant discovered the condition and the quality of said car load of potatoes, it notified the said plaintiff as to the facts and the condition of the said potatoes, and offered to

return the same, and was ready to do so, but defendant says that plaintiff neglected and refused to take the same back, and thereupon, about ninety days after the same had arrived at the city of Council Bluffs, and the plaintiff neglected and refused to receive the same, and after said notice was given to plaintiff by this defendant, as aforesaid, this defendant says that it then sold the said potatoes, having caused the same to be sorted, and as many of them as were marketable, to wit, about 250 bushels, were sold by defendant at retail at the highest market price which could be obtained for the same. About one-half of the remaining portion of said potatoes were sold at retail for the highest market price which could be obtained for the same, bringing in all the sum of $156, about one-fourth of said potatoes being wholly worthless, etc.; that out of said money so received for the sale of said potatoes as aforesaid, and according to the terms of said contract as aforesaid, it paid the freight on said potatoes from Lanham, Nebraska, to Council Bluffs, Iowa, the sum of $37.50, and for labor, storage, drayage, and care, in and about the same, the sum of $40; with prayer that the sum of $78.50, the amount of said money paid out by defendant as aforesaid, might be deducted from the amount of money received, to wit, the sum of $156, the proceeds of said car load of potatoes.

The plaintiff replied to the said answer denying each and every allegation of new matter therein contained.

There was a trial to a jury, which found for the plaintiff, and assessed his damages at $251.68.

The defendant brings the cause to this court on error. It appears from the record that before decision of the court upon the defendant's motion for a new trial, the plaintiff entered a *remittitur damnum* in the sum of sixty cents.

There is a large amount of evidence contained in the bill of exceptions, much of which is scarcely applicable to the pleadings. Indeed, there was but one question between the parties. The plaintiff alleged that he sold to the defend-

ant 501 bushels of potatoes, at forty-eight cents per bushel. Defendant alleges that it bought from the plaintiff the same number of bushels of potatoes at the rate of fifty cents per bushel; and that the potatoes were warranted by the plaintiff to be of No. 1, extra-good quality. This simply means that he warranted them to be good, sound, merchantable potatoes. Potatoes being an article of food, the sale implies such warranty, and it was not necessary to prove it. Defendant also alleged that said potatoes, when delivered and received, "were badly damaged, and were of an inferior quality." These allegations of the defendant were denied by the reply of the plaintiff.

While the difference between the parties as to the price at which the potatoes were bought and sold is rather unusual, it seems to have been overlooked by the jury, as well as the counsel; but it presents a question of no great difficulty· No question of agency is presented by the pleadings, and although it seems to have received a good deal of attention, both on the trial in the court below and in the briefs of counsel, I do not deem it of importance or as controlling the case whether the witness Bryant was the agent of either of the parties. The only question for the jury was, Were the potatoes sound and merchantable? On this question there was a sharp and irreconcilable conflict of evidence. No witness testified that the potatoes were damaged or unsound, but five witnesses on the part of the defendant testified that they were unmerchantable on account of their inferior size. On the other hand, the plaintiff and six witnesses on his behalf, testified that the potatoes were merchantable, and of good average size and good quality. It was no question of science or skill; any witness of ordinary capacity can testify as to the quality and soundness of potatoes; and the weight of their testimony was a question exclusively for the jury.

No question is raised by plaintiff in error, in the brief, upon the instructions to the jury.

But notwithstanding the remittitur entered by the plaintiff, the verdict and judgment are still for too much. The plaintiff can only recover for the potatoes at the price alleged in his petition, even if the defendant does allege in its answer that it bought them at a higher price. Five hundred and one bushels, at forty-eight cents per bushel, amount to $240.48. Interest on that sum for seven and one-half months at seven per cent per annum, gives $9.11, making $249.59.

The judgment will therefore be reversed and the cause remanded for a new trial, unless the plaintiff shall, within twenty days from the date of the filing of this opinion, enter a remittitur in this court of one dollar and forty-nine cents. But in case of the entering of such remittitur within the time above stated, the judgment is affirmed.

JUDGMENT ACCORDINGLY.

THE other Judges concur.