A. E. KELLER ET AL., APPELLEES, V. SIMEON AMOS,
APPELLANT.

[FILED FEBRUARY 24, 1891.]

1. **Administrator**: LICENSE TO SELL REAL ESTATE: PROOF.
   One K., a resident of Gage county, died in the year 1872. He
   was owing considerable sums, and one T. was appointed admin-
   istrator of his estate. There was but little personal estate ex-
   cept that granted to the widow and it became necessary to sell
   real estate. A petition was thereupon duly presented to Judge
   Gantt, who made an order to show cause why license should
   not be issued to sell such real estate. This order was duly pub-
   lished in one of the newspapers of Gage county. No sale took
   place under this order and a second order to show cause was
   duly made by the same judge and published in the same man-
   ner as the first. Under this order the proof tended to show a li-
   cense was granted by the judge, a sale had, which was afterwards
   duly confirmed by him and a deed made to the purchaser. *Held*,
   That sufficient appeared by the record to show a valid sale of
   the real estate and that the purchaser thereunder acquired the
   title of the decedent at his death.

2. ———: ———: PAROL EVIDENCE. Where papers in a case have been lost, as the license to sell real estate, proof that such license or other papers actually existed at the time of the sale may be shown by parol or other secondary evidence.

APPEAL from the district court for Gage county. Heard below before APPELGET, J.

*T. F. Burke,* for appellant: Lost records may be proved by parol. (1 Greenleaf, Ev., sec. 509, and note to sec. 84; *Jackson v. Cullum,* 2 Blackf. [Ind.], 228; *Schwartz v. Osthmer,* 4 Ind., 109; *Burnett v. McCluey,* 78 Mo., 676; *Bridgford v. Tuscumbia,* 16 Fed. Rep., 910; *Blaen Avon Coal Co. v. McCulloch,* 59 Md., 403; *Dickerman v. Chapman,* 54 Vt., 506; *Poweshiek v. Stanley,* 9 Ia., 511; *Lane's Will,* 2 Dana [Ky.], 107; *Pruden v. Alden,* 23 Pick. [Mass.], 184; *Allen v. State,* 21 Ga., 219; *Moody v. Butler,* 63 Tex., 210; *Taymouth v. Koehler,* 35 Mich., 22; *Sturdy v. Jacoway,* 19 Ark., 499; *Norman v. Olney,* 64 Mich., 560; *Ex parte Carr,* 22 Neb., 535; *People v. Dennis,* 4 Mich., 617; *Trumble v. Williams,* 18 Neb., 144; *Ponca v. Crawford,* 23 Id., 668; *Murphy v. Lyons,* 19 Id., 694; *Birdsall v. Carter,* 5 Id., 520; Freeman, Judgments, sec. 407; *McClay v. Foxworthy,* 18 Neb., 298; *Seward v. Didier,* 16 Id., 59; *Roberts v. Flanagan,* 21 Id., 503; *Fowler v. More,* 4 Ark., 570; *Darrett v. Alexander,* 25 Ala., 265; *Tom v. Syers,* 64 Tex., 339; *Egan v. Grece,* 45 N. W. Rep. [Mich.], 74.) The entries on the appearance docket were sufficient as record evidence. (*O'Driscoll v. Soper,* 19 Kan., 574; *Baker v. Coe,* 20 Tex., 429; *Leland v. Cameron,* 31 N. Y., 115; *Fowle v. Coe,* 63 Me., 245; *Thorn v. Ingram,* 25 Ark., 52; *Tutt v. Boyer,* 51 Mo., 425, 431; *Saxon v. Cain,* 19 Neb., 489; *McAusland v. Pundt,* 1 Id., 240; *McKeighan v. Hopkins,* 14 Id., 368; *Davis v. Hudson,* 11 N. W. Rep., 139.)

*R. W. Sabin,* for appellees: A license to an administrator to sell real estate can be proven by parol only when

clearly shown to have existed and been lost. (*Lessee of Goforth v. Longworth*, 4 O., 130; *Newcomb's Lessees v. Smith*, 5 Id., 447; *Eakin v. Doe*, 48 Am. Dec., 770; *Gelstrop v. Moore*, 59 Id., 254; *Clements v Henderson*, 48 Id., 216; *Williamson v. Williamson*, 41 Id., 636; *Worthy v. Johnson*, 52 Id., 399; *Campbell v. Knight*, 45 Id., 107.)

MAXWELL, J.

This is an action by the plaintiffs as heirs of their father, Isaac Keller, to remove the cloud from certain real estate which they claim to possess as said heirs.

On the trial of the cause in the court below the court rendered judgment in their favor, from which the defendant appeals to this court.

It appears from the record that in the year 1872 one Isaac Keller, a resident of Gage county, died in said county; that he left a widow and two children—the plaintiffs in this case; that he possessed but little personal property and owed debts to a considerable amount; that the claims were duly filed and allowed against the estate. The personal estate consisted largely of property to which the widow was entitled and it was nearly all delivered to her. After the debts were allowed in the probate court application was made to Judge Gantt for license to sell certain real estate. The judge made an order to show cause and license apparently was issued, but no copy of the same has been found. It is not material, however, as no sale took place under the first license. A second order to show cause was duly published and it is claimed a license was granted. The record, however, fails to show such license. A sale by the administrator took place and the land was purchased by L. W. Colby, the sale confirmed and a deed made to the purchaser. The second order for hearing is as follows:

"In the matter of the application of Oliver Townsend,

administrator of the estate of Isaac Keller, deceased, to sell real estate.

"Application having been made to the district court of the first judicial district of Nebraska, in and for Gage county, by Oliver Townsend, administrator of the estate of Isaac Keller, deceased, late of Gage county, Nebraska, for permission to sell certain real estate situate in Gage county, Nebraska, belonging to the said estate of Isaac Keller, deceased, notice is hereby given to all persons interested in said estate to appear before me at my office in Nebraska City, Nebraska, on the 4th day of October, 1873, at 10 o'clock A. M., to show cause why said application should not be granted.

"Ordered, that the above notice be published in the Beatrice Express for six consecutive weeks.

"Dated August 2d, 1873.

"DANIEL GANTT, *Judge.*"

There is also the order of confirmation as follows:

"District court journal, page 420.   Spring term, 1875.

"In the matter of application of Oliver Townsend, administrator, to sell lands.

"Now on this 6th day of May, A. D. 1875, being the third day of the term, came this cause on further to be heard upon the motion heretofore filed by the plaintiff to confirm the sale of real estate, heretofore made in this cause, and no cause having been shown why said sale should not be confirmed, and the court having carefully examined the proceedings of the administrator, that the said sale has in all respects been made according to law, it is therefore ordered and adjudged by the court that the sale of said premises described as follows, to-wit: the west half of section 7, in township 2 north, of range 8 east, in Gage county, Nebraska, containing 320 acres, be, and the same is hereby, confirmed in every particular, and the said administrator is hereby ordered to make the purchaser a deed for the lands and tenements so sold.

"Ordered, that the court take a recess until tomorrow morning at 9 o'clock A. M.

"D. Gantt, *Judge*."

The record also contains the deed of the administrator to the purchaser as follows:

"Know all men by these presents, that I, Oliver Townsend, of Beatrice, Gage county, Nebraska, administrator of the estate of Isaac Keller, deceased, late of said Gage county, by authority of the district court of the first judicial district, within and for the county of Gage, holden at Beatrice on the 6th day of May, A. D. 1875, and in consideration of $1,011.20 paid by Leonard W. Colby, of the county of and state aforesaid, the receipt whereof is hereby acknowledged, do hereby give, grant, sell, and convey unto the said Leonard W. Colby, his heirs and assigns, a certain tract of land situate in Gage county, state of Nebraska, and described as follows: The west one-half of section 7, in township 2 north, of range 7 east, in the county and state aforesaid:

"To have and to hold the above granted premises to the said Leonard W. Colby, his heirs and assigns, to his use and their use and behoof forever. And I do for myself, my heirs, executors, and administrators, covenant with the said Leonard W. Colby, his heirs and assigns, that in making sale of the real estate above described I am duly authorized by the court aforesaid; that I have complied with the order of said court by taking the oath by law required and by giving public notice of the intended sale as therein directed, and that I have in all things observed the rules and directions of law relating thereto.

"In witness whereof, I, the said Oliver Townsend, have hereunto set my hand and seal, this 6th day of May, A. D. 1875.                    Oliver Townsend,

"*Administrator.*

"In the presence of
   "N. K. Griggs."
"A. Petron."

This deed was duly acknowledged and recorded.

The oral testimony shows that the papers in the case were prepared by Mr. Griggs, an attorney, and while he cannot swear positively that he remembers the license, he does testify in effect that there was such license. Mr. Colby, an attorney, also testifies that before the sale he examined the papers, which were then fastened together, and compared them with the statute and came to the conclusion that the statutory requirements had been observed. He has no distinct recollection of the license, however, and this fact, together with the fact that Mr. Griggs testifies that he has no distinct recollection in regard to the license, is used as an argument on behalf of the appellees to show that no such license was issued. We do not so understand the testimony, however. This testimony was taken many years after the occurrences which had thus become somewhat indistinct in the memory of the witnesses, but that a license was actually issued is as certain as that the sale took place. Let any capable lawyer testify many years after filing certain papers in regard to papers filed by him in a case, and unless there is something peculiar in the case, it, in all probability, will be impossible to testify as to particular papers, but he could safely say that he filed what he deemed necessary at the time, and that principle applies to sales of real estate by an administrator. That is, where an administrator's sale has taken place under the supervision and orders of a capable and careful judge and been confirmed by him, and the papers in the case are prepared by a capable attorney who, years afterwards, is unable to particularize as to certain papers, but does testify in effect that he did prepare all the necessary pleadings, orders, etc., in the case, it will be presumed, in the absence of fraud, that the necessary pleadings, orders, etc., preceding the order of confirmation were duly prepared and filed.

We have no doubt, therefore, that had a license been wanting it would have readily been observed by the capa-

ble lawyers who examined the papers. In addition to this, the well known careful habits of Judge Gantt in all matters pertaining to his duties as judge render it certain that had not the proper authority been given and the sale conducted in the mode required by law it would not have been confirmed. Indeed, we may say that the order of confirmation itself is very strong, if not conclusive evidence of the authority to sell and the correctness of the sale.

Considerable stress is laid on the alleged want of authority to prove by parol the existence of certain papers at the time the sale took place and the confirmation thereof. It certainly would be better in all cases to require a complete record of all papers relating to a sale of real estate by an administrator. This matter, however, is frequently neglected, apparently because no one desires to incur the expense incident to such record, or because it is considered unnecessary. It should, nevertheless, be made in all cases, as there is always danger of the loss or destruction of the papers themselves. Where, however, a sale has been made in pursuance of lawful authority, the sale confirmed and a deed made to the purchaser, and the papers in the case are afterwards lost, the facts may be proved by parol or other secondary evidence.

Sufficient is shown in this case to establish the existence of debts against the estate and the necessity for a sale of real estate. The filing of the petition and other papers necessary to give the district court jurisdiction, and a sale had under its authority, a confirmation thereof, and a deed executed in pursuance of such sale, are also proved. The fact that the land sold for a low price cannot be considered. It is well to say, however, that it seems to have sold for a reasonably fair price considering the relative value of lands near by. At that time millions of acres of land within the state could be obtained by settlers under the United States homestead and pre-emption laws for a mere trifle, and this is well known to have kept the price of wild lands at a very low figure.

Upon the whole case it is apparent that the title of the plaintiffs was divested by the sale and that they have no interest in the land itself. The surplus funds, after paying the debts of the estate, no doubt have been put at interest awaiting the demand of those entitled to them, but whether so or not it is not material in this case.

The judgment of the district court is reversed and the action dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.