BURLINGTON & M. R. R. Co. v. CHARLES KOONCE.

[FILED APRIL 13, 1892.]

**Railroads:** CROSSINGS: REPAIR: NEGLIGENCE. It is the duty of every railroad company in the state to properly construct and maintain in good repair crossings over all public highways on the line of its road, so that the same shall be safe and convenient for travelers, so far as it can do so without interfering with the safe operation of the railroad. If it is negligent in that regard, and by reason thereof a person without fault is injured in his property while traveling over a defective crossing, the corporation owning or operating such railroad is liable for the damages sustained.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

*T. M. Marquett,* and *J. W. Deweese,* for plaintiff in error, cited: *Waldhier v. R. Co.,* 2 Am. & Eng. R. Cases, 146; *Buffington v. R. Co.,* 64 Mo., 246; *C., C. & I. R. Co. v. Troesch,* 68 Ill., 545; *Young v. Yarmouth,* 9 Gray [Mass.], 386; *Jones v. Waltham,* 4 Cush. [Mass.], 299; *Davis v. Leominster,* 1 Allen [Mass.], 182; *Evansville & T. R. Co. v. Carver,* 32 Am. & Eng. R. R. Cases [Ind.], 134; *Hudson v. C. & N. R. Co.,* 8 Id. [Ia.], 464; *Doyle v. R. Co.,* 42 N. W. Rep. [Ia.], 555; *U. P. R. Co. v. Beatty,* 10 Pac. Rep. [Kan.], 847; *Easton v. R. Co.,* 39 Fed. Rep. [Tex.], 65; *Skinner v. R. Co.,* 39 Fed. Rep. [Ill.], 188.

*Bowen, Hoeppner & Bowen, contra,* cited: *Traver v. R. Co.,* 3 Keys [N.Y.], 497; Moak's Van Santvoord's Pl. [3d Ed.], 563; 1 Thomp., Neg., 555-6-7, and cases cited; *Dalzell v. R. Co.,* 32 Ind., 46; *Doyle v. R. Co.,* 42 N. W. Rep. [Ia.], 555.

NORVAL, J.

This action is for damages for injury received by defendant in error's horse while crossing the railroad track upon

a public highway. The trial court found the issues in favor of the plaintiff, and assessed his damages at $100.

It is undisputed that in January, 1889, while defendant in error was crossing the railroad track with his team and wagon, at a public road crossing at the town of Trumbull, in Clay county, on the line of railroad running from Aurora to Hastings, the fore foot of one of his horses was caught in the space between one of the planks of the crossing and one of the rails, throwing the horse violently to the ground, dislocating the shoulder and twisting the foot thereby permanently injuring the animal., The contention of the plaintiff below is that the injury was occasioned by the negligence of defendant in permitting the crossing to remain in a dangerous or unsafe condition, while, on the other hand, the defendant insists that the injury was the result of an accident; that the crossing was properly constructed, and was not out of repair. As a further defense, the company sets up that it neither owned nor operated the line of railroad in question. The crossing was constructed by placing planks three inches in thickness on the ties between the rails. The planks were of the usual thickness, and the upper edges of those next to the rails were beveled. The distance between the rail and the upper bevel of the planks was three or four inches, and there is evidence tending to show that the lower edge was an inch and a half from the rail. The toe of the shoe of the horse became fastened between the board and rail.

It also appears that the flange on the wheels of locomotive engines and cars, when new, are one and a half inches deep and about the same in thickness, and, on account of the oscillation of the wheels, it requires a space of two and a half inches between the rails and planks for the wheels to pass safely, where the upper edges of the planks are not beveled, but when so beveled, the space can be, and usually is, less; that in such case the lower bevel of the plank can be placed with entire safety within a half-inch of the rails.

We think the evidence was sufficient to authorize the court in finding that the space between the plank and rail at the crossing in question was greater than was necessary for the safe operation of the railroad, and that by reason thereof plaintiff's horse was injured and rendered worthless.

Section 110, chapter 78, Compiled Statutes, declares that "any railroad corporation, canal company, mill owner, or any person or persons who now own, or who may hereafter own or operate, any railroad, canal, or ditch that crosses any public or private road, shall make and keep in good repair good and sufficient crossings on all such roads, including all the grading, bridges, ditches, and culverts that may be necessary within their right of way."

By the above provision it is made the duty of every railroad company in this state to properly construct and maintain in good repair its road at the crossings of highways, so that the same shall be safe and convenient for travelers, so far as it can do so without impeding the safe operation of the railroad. The duty and obligation thus imposed makes the corporation liable for damages resulting from the negligent discharge of such duty. For mere accidents occurring at crossings in suitable repair there can be no recovery. It is only where the railroad company negligently constructs a crossing over a public road, or negligently fails to keep the same in safe repair, and by reason thereof a person without fault is injured in his property while traveling over the crossing, that the company is liable for the damages sustained.

The only remaining question to be considered is, Did the defendant own or operate the line of railroad when the injury occurred? Upon the trial the plaintiff in error introduced in evidence the articles of consolidation between it and the Chicago, Burlington & Quincy Railroad Company, which constituted the entire proof on the part of the company upon this branch of the case. By these articles of consolidation the lines of road and property of the

34

plaintiff in error were transferred to the Chicago, Burlington & Quincy Railroad Company. If there was no other testimony in the record we would be constrained to hold that the suit could not be maintained. We, however, find sufficient testimony to warrant the conclusion that the line of railroad between Aurora and Hastings was at the time operated by and in the name of plaintiff in error. Tickets and employes' passes were issued over said line during 1889 in the name of the Burlington & Missouri River Railroad Company in Nebraska, and when presented were honored by the conductors; and there is also testimony tending to show that employes on said road were paid by plaintiff in error. It will be observed that the statute places the burden of constructing and keeping in repair highway crossings, upon the corporation operating the railroad, as well as upon the company owning the same. Each is therefore liable for damages sustained by the negligent discharge of the duty imposed by statute.

The judgment is

AFFIRMED.

THE other judges concur.