40   87
47   669

OMAHA & REPUBLICAN VALLEY RAILWAY COMPANY
v. FRANK M. RYBURN.

FILED APRIL 4, 1894.   No. 5215.

1. **Railroad Companies:** DEFECTIVE CROSSINGS: NEGLIGENCE: DAMAGES. It is the duty of every railroad company in this state to properly construct and maintain in good repair crossings over all public highways on the line of its road, so that the same will be safe and convenient for travelers, so far as it can do so without interfering with the safe operation of the railroad. If a railroad company in that regard is negligent, by reason whereof a person without fault is injured while traveling over a defective crossing, the corporation owning and operating such railroad is liable for the damages sustained. Following *Burlington & M. R. R. Co. v. Koonce*, 34 Neb., 479.

2. **Damages:** EVIDENCE. The testimony of defendant in error showed what had been his earning capacity just previous to the receipt of his injuries, and what he had actually earned during twenty-five weeks immediately following his injuries. *Held*, Error to permit a much greater earning capacity during the same period to be shown by proof that in larger towns than that wherein the defendant in error had had employment a much

higher rate of wages prevailed than what was paid in the town in which he was employed during and just preceding the aforesaid twenty-five weeks.

ERROR from the district court of Butler county. Tried below before BATES, J.

*John M. Thurston, W. R. Kelly,* and *E. P. Smith,* for plaintiff in error:

The company is not liable for a failure to keep in repair at a village street crossing the planking between the rails constituting a sidewalk. (*McCandless v. Chicago & N. W. R. Co.,* 71 Wis., 41; *Northern C. R. Co. v. Mayor and City Council of Baltimore,* 46 Md., 425; *State v. Chicago, B. & Q. R. Co.,* 29 Neb., 412; *People v. Lake Shore & M. S. R. Co.,* 52 Mich., 277; *State v. District Court,* 42 Am. & Eng. R. Cases [Minn.], 246; *Schild v. Central Park, N. & E. R. Co.,* 31 N. E. Rep. [N. Y.], 327.)

Evidence of what wages were paid journeymen in Lincoln and Omaha was erroneously admitted. (*Bierbach v. Goodyear Rubber Co.,* 54 Wis., 208; *Anderson v. Sloane,* 72 Wis., 584; *Baldwin v. Western R. Corporation,* 4 Gray [Mass.], 333; *Wylie v. Wausau,* 48 Wis., 508.)

*Steele Bros., contra,* contending that it is the duty of the company to construct and maintain suitable crossings and keep the same in repair, cited: Sec. 110, ch. 78, Comp. Stats.; *State v. Chicago, B. & Q. R. Co.,* 29 Neb., 417; *Sharrett's Road Case,* 8 Pa. St., 92; *Manchester v. City of Hartford,* 30 Conn., 120; *Taber v. Graftmiller,* 109 Ind., 209; *City of Kansas City v. Kansas City Belt R. Co.,* 47 Am. & Eng. R. Cases [Mo.], 157; *Scanlon v. City of Boston,* 2 N. E. Rep. [Mass.], 787.

The evidence objected to was properly admitted to aid the jury in arriving at plaintiff's damages by reason of loss of time. (*City of Lincoln v. Beckman,* 23 Neb., 677; *Wade v. Leroy,* 20 How. [U. S.], 34.)

RYAN, C.

In this case the defendant in error recovered judgment in the district court of Butler county for the sum of $875 on account of injuries sustained from a fall on the crossing at the intersection of the railroad of plaintiff in error with a street in David City.

1. The error first alleged is that the railroad company was improperly held accountable for whatever want of repair of the crossing was shown by the proofs. While this case has been awaiting consideration there has been authoritatively stated the rule which obtains in this state upon this proposition in *Burlington & M. R. R. Co. v. Koonce,* 34 Neb., 479. Under the authority of this fully considered case, the railroad company must respond in damages for the want of repair of the crossing referred to, which the jury found by their verdict existed and was the proximate cause of the injuries sustained by the defendant in error. In this connection it is proper to state that it was not incumbent upon the trial court to instruct the jury, or by withdrawing the case from the jury to countenance conclusively the assumption, that because the defendant in error stumbled on one of the rails in plaintiff in error's road just before reaching the crossing not in repair, his stumbling was to be deemed the proximate cause of his injuries. To what these injuries were attributable was a question of fact to be determined by the jury under proper instructions. As the instructions on this proposition are not criticised in argument, it must be assumed they were correct, and for this reason, as well as from full consideration of the evidence itself, we are satisfied that the verdict is not open to the objections urged.

2. The plaintiff in error complains because the defendant in error was permitted to state to the jury what wages were paid journeymen in Lincoln and Omaha per week covering the time when he earned only a portion of what

he could have earned if he had been sound and well. The evidence of the defendant in error was, that for twenty-five weeks after the accident he had been able to earn only a portion of what he would have earned if he had been sound and well; that during ten weeks of said twenty-five weeks he earned $45.63, and during the remaining fifteen weeks he earned $120; that is to say, during the twenty-five weeks he actually earned, notwithstanding his injuries, the sum of $165.63. He further testified that just before he was injured, he was at work at commission business and that his earnings were from nine to twelve dollars per week. A comparison of these figures, if we accept nine dollars per week, the minimum of the earning capacity of defendant in error just before the receipt of his injuries, as the correct measure of that capacity, shows that while his earning capacity for these twenty-five weeks would have enabled him to earn $225, as a matter of fact he did actually earn $165.63, or that for these twenty-five weeks his earning capacity by reason of his injuries was reduced but $59.37. Notwithstanding this showing the subsequent examination of the defendant in error was as follows:

Q. What could you have earned during that period if you had been sound and well?

Objected to, as incompetent, immaterial. Overruled. Defendant excepted.

A. I do not know.

Q. Well, about.

Same objection, for the reason that the witness stated he did not know. Objection overruled. Defendant excepted.

A. I was offered that job in Lincoln and I was going there if I had not been hurt.

The last answer was stricken out.

Q. About what could you have earned during that period if you had been sound and well during that period?

Objected to, as incompetent, immaterial, and for the reason that the witness says he does not know. Overruled. Defendant excepted.

A. I think somewhere between ten and twelve dollars, that is, if I had still worked on commission, but I would not have done that.

Q. What could you have earned for your services if you had been sound and well during that twenty-five weeks, as absolute pay per week?

Objected to, as immaterial, and because it called for a speculative opinion. Overruled. Defendant excepted.

A. It would have been according to where I had went.

Q. Go where it was best for you.

A. Twelve dollars per week are journeyman wages in small towns, and in towns like Lincoln and Omaha fifteen to eighteen.

Assuming that eighteen dollars per week was shown by this evidence, and it would result that the earning capacity of Mr. Ryburn for twenty-five weeks was $450. On his positive testimony as to what he had been earning before his injuries were sustained and what he actually earned during the twenty-five weeks referred to there was an actual loss in earning capacity of but $59.37. The hypothetical method of examination pursued, by which it was shown that his earning capacity might have been $450, was improper and prejudicial upon principle and in fact, as is clearly demonstrated by the above *argumentum ad absurdum*. It must be assumed that this hypothetical evidence influenced the jury to the full extent of its tendency, and there was, therefore, error prejudicial to the rights of plaintiff in error. In view of the fact that the result of this error can with reasonable certainty be estimated and segregated from the amount of the verdict rendered, it is deemed but just that the defendant in error shall have his election, within twenty days from the filing of this opinion, to enter a remittitur in this court of the sum of $400, with seven per cent per annum interest thereon from the date upon which the verdict was returned, in which event, judgment for the balance shall be affirmed; or, if such remit-

titur be not entered, that the judgment of the district court
be reversed, and it is accordingly so ordered.

JUDGMENT ACCORDINGLY.

POST, J., not sitting.