JOHN REGIER v. GEORGE W. SHRECK ET AL.

FILED MARCH 18, 1896.    No. 6352.

1  **Review:** REMITTITUR. Where the only reversible error in the record is that the amount of the recovery is excessive, this court will affirm the judgment upon the excess being remitted, if the evidence will support the remainder of the finding.

2. **Evidence.** The law requires the production of the best evidence obtainable, and if the primary evidence is lost, then secondary evidence satisfies the rule.

3.  ———: LOST RECORDS. Where the files of a case have been lost,—such as papers in an attachment proceeding,—that such papers existed, and their contents, may be proved by parol, the proper foundation having been laid for the introduction of secondary evidence.

4.  ———: ORIGINAL PAPERS AND OFFICIAL RECORDS: PRACTICE. The practice of introducing in evidence in a case on trial the papers and files belonging to another case, or the original records of an office, is not to be commended. If such files or records are needed as evidence certified copies should be procured for that purpose.

5. **Fraudulent Conveyances: BONA FIDE PURCHASERS: AT-
TACHMENT: DAMAGES.** Certain instructions of the trial
court set out in the opinion and approved.

ERROR from the district court of York county.
Tried below before BATES, J.

*George B. France,* for plaintiff in error.

*C. P. Halligan* and *Harlan & Harlan, contra.*

RAGAN, C.

This is an action in replevin brought in the dis-
trict court of York county by John Regier against
George W. Shreck and James Powers, the sheriff
and a constable of said county. Shreck and
Powers had a verdict and judgment, and Regier
brings the case here for review.

1. The first assignment of error is that the judg-
ment is excessive. The jury found the value of
the interest of the defendants in error in the prop-
erty to be $975. The court ordered a remittitur
of $100, and rendered judgment against the
plaintiff in error for $875. The interest of the
defendants in error in the property arose from
certain executions and orders of attachment
which they had levied upon it at the suits of cer-
tain creditors of one Gerhard Regier, of whom
John Regier claimed to have purchased the prop-
erty. An examination of the record leads to the
conclusion that the amount of the liens which the
defendants in error had against this property at
the time the judgment was rendered was $833
only, and that the judgment is $42 too large.
Counsel for the plaintiff in error insists that this
error alone should work an absolute reversal of
the judgment; but the doctrine and practice of

this court are contrary to the contention of counsel. (See *Sioux City & P. R. Co. v. Finlayson*, 16 Neb., 578; *Boston Tea Co. v. Brubaker*, 26 Neb., 409; *Meharry v. Halligan*, 29 Neb., 565; *Omaha & R. V. R. Co. v. Brady*, 39 Neb., 27; *City of Friend v. Ingersoll*, 39 Neb., 717; *St. John v. Swanback*, 39 Neb., 841; *Omaha & R. V. R. Co. v. Ryburn*, 40 Neb., 87; *Fremont, E. & M. V. R. Co. v. Leslie*, 41 Neb., 159; *Gordon v. Little*, 41 Neb., 250; *Culbertson Irrigating & Water Power Co. v. Wildman*, 45 Neb., 663; *Chicago, R. I. & P. R. Co. v. Archer*, 46 Neb., 907.) In all of these cases the judgments were affirmed upon condition that the defendants in error file remittiturs. These are not all the cases in which this practice has been followed, but they are sufficient to show what the practice of the court is; and they establish the rule that where the only reversible error in a record is that the amount of the recovery is excessive this court will affirm the judgment upon the excess being remitted if the evidence will support the remainder of the finding.

2. The second assignment of error is in the following language: "The court erred in admitting in evidence the several judgments recovered against Gerhard Regier before Justice Fay." At least some of the judgments introduced in evidence were properly admitted, and as the assignment is that the court erred in admitting all the judgments, the assignment, without further examination, will be overruled.

3. The third assignment of error is in the following language: "The court erred in admitting in evidence before the jury the testimony of the witness Halligan, in reference to the affidavits, orders of attachment, and attachment proceed-

ings had before Justice Fay." As already stated, the defendants in error had seized the property replevied on certain executions and orders of attachment against Gerhard Regier. It appears, also, that this case was twice tried in the district court of York county, and on the second trial the various orders of attachment issued by the justice and the other papers in the attachment proceedings could not be found, and the court, after the proper foundation was laid, permitted the attorney who prepared the attachment papers to testify as to their contents. We do not think the court erred in doing this. The law only requires the production of the best evidence obtainable, and if the primary evidence in a case is lost, then secondary evidence satisfies the rule. In *Keller v. Amos*, 31 Neb., 438, it was held: "Where papers in a case have been lost, as the license to sell real estate, proof that such license or other papers actually existed at the time of the sale may be shown by parol or other secondary evidence." The practice often indulged in of introducing in evidence in a case on trial the papers and files belonging to another case, or the original records from an office, is not to be commended. The records of a public office belong in that office and should never be taken therefrom except in case of emergency. If parties desire to introduce in evidence the record of a mortgage or a deed they should procure from the officer having the custody of the record a certified copy of the instrument which they wish to introduce; and if parties desire to introduce in evidence an order of attachment or any other process or pleading belonging to another case, they should not use the original files, but certified copies.

4. The fourth assignment of error is that the verdict is not sustained by sufficient evidence. Without quoting the evidence or any part of it we have no hesitancy in saying that it supports the verdict.

5. The fifth assignment of error is "errors of law occurring at the trial and duly excepted to." This assignment is sufficient in a motion for a new trial to challenge the attention of the trial court to any error it may have committed in the admission or rejection of evidence, but it is too indefinite in a petition in error to enable the supreme court to review anything.

6. The sixth assignment of error is that the court erred in giving instruction No. 3 on motion of the defendants in error. The instruction is as follows: "To constitute a *bona fide* purchaser such purchaser must have parted with something that is valuable upon the faith of his purchase before he had knowledge or notice of any prior right or equity." This is the precise language of this court in *Gregory v. Whedon*, 8 Neb., 373, and the instruction is also supported by the decision of this court in *Savage v. Hazard*, 11 Neb., 323. The instruction was correct.

7. The seventh assignment relates to an instruction given by the court in the following language: "You are further instructed that if you find from all the circumstances and facts taken together that Gerhard Regier executed and delivered a bill of sale of the property in question to the plaintiff for the purpose of and with the intent of hindering, delaying, and defrauding the creditors of the said Gerhard Regier; and if you further find that the plaintiff had knowledge or notice of such fraudulent intent or design on the part of

the said Gerhard Regier or had knowledge of such facts or circumstances as would have aroused the suspicions and put an ordinarily prudent man upon inquiry, which inquiry if pursued would have led to a knowledge or notice of such fraudulent intent on the part of the said Gerhard Regier, then your verdict should be for the defendants, even though you should find that the plaintiff paid a full, adequate consideration for said property." Under the evidence in this case we think this instruction was proper.

8. The eighth assignment of error relates to instruction No. 10 given by the court upon its own motion. The substance of this instruction was that if the jury found for the defendants in error, the measure of their damages would be the aggregate amounts due on the several executions and orders of attachment under which they held possession of the property; not to exceed, however, the value of the property. This was correct.

The defendants in error will have leave to remit $42 from the judgment rendered, as of the date of the judgment, within forty days from this date; and if they do so, the judgment of the district court will be affirmed; otherwise it will stand reversed.

JUDGMENT ACCORDINGLY.