CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, AP-
PELLANT, V. NEBRASKA STATE RAILWAY COMMISSION
ET AL., APPELLEES.

FILED SEPTEMBER 25, 1911.   No. 16,707.

1. **Railroads:** CROSSINGS: POWERS OF RAILWAY COMMISSION. The
power to open streets and to regulate and control railway cross-
ings over the same in incorporated cities and villages is given
by statute to the municipal authorities. The state railway com-
mission has general jurisdiction of such matters outside of cities
and villages.

2. **State Railway Commission:** POWERS. Whether the state railway
commission has any duty to perform in case the proper munic-
ipal authorities wilfully refuse to act in regulating railway
crossings of streets in cities and villages, or has any supervis-
ing power of such crossings to safeguard the passengers and
employees on trains, is not involved in this case, and is not de-
cided.

3. Former decision adhered to.

OPINION on motion for rehearing of case reported in 88
Neb. 239. *Rehearing denied.*

SEDGWICK, J.

It was held in the opinion in 88 Neb. 239, that the vil-
lage authorities have exclusive original jurisdiction of the
matters determined in this case, and that the action of the
state railway commission was therefore without jurisdic-
tion. The statement of law in the syllabus is conceded in
the brief upon the motion for rehearing to be correct, if
no street has been laid out or ordered to be opened. The
contention seems to be that the proceedings of the village
authorities opening the street were found by the railway
commission to be regular and valid, and in such case the
commission has jurisdiction. It is, however, admitted that
the only defense of the railway company was with refer-
ence to the validity of those proceedings. The pleadings
and evidence and rulings before the commission and in
court upon appeal all show that the sole question in dis-

854 NEBRASKA REPORTS. [Vol. 89

Chicago, R. I. & P. R. Co. v. Nebraska State Railway Commission.

pute is whether the public road in question is necessary and ought to be opened. This is a question for the village authorities under subdivisions XXI, XXVII, sec. 69, art. I, ch. 14, Comp. St. 1909.

If those provisions of statute are constitutional, and the village authorities have proceeded regularly and ordered the street opened over the right of way and tracks of the company, and a proper crossing constructed, the courts will enforce such order, as they will the orders of the railway commission in matters within its jurisdiction. The village is not required to wait for the approval of the railway commission, but is entitled to immediate obedience of its proper order in that regard. If the railway commission can review and approve the findings and orders of the village authorities, it can, of course, also annul them, and, both being administrative bodies, the right to open and control the streets and regulate railroad crossings within the village would thereby be taken away from the local authority and conferred upon the state commission, which is contrary to the plain letter of the statute.

The railway commission is given jurisdiction of railway crossings in general outside of cities and villages, but we do not want to be understood as holding that it has authority to inspect crossings within cities and villages, with a view to safeguard the lives of passengers and employees upon its cars, or for any other purpose, for no such question is presented by this record. And it must not be inferred from any language used in the former opinion that, in supervising crossings outside of cities and villages, the commission is under less obligation to safeguard the public who use such crossings than it is to protect those who are carried in its trains.

Our former decision reversing the judgment of the district court and dismissing the proceedings before the railway commission is adhered to. Motion for rehearing

OVERRULED.

REESE, C. J., dissenting.

If the commission has jurisdiction over the subject matter, its authority, although in a sense advisory only, should be upheld. It is contended that the village board has jurisdiction and authority to order the track to be planked between and on the outer side of the rails, so as to render the way passable and safe, and, in case of a refusal on the part of the railroad company to comply with the order, an action in the form of mandamus could be instituted by the village authorities in the district court, whereby the duty could be coerced, and that that right could not be taken away. To this I fully agree. The doors of the courts are and must be open at all times for the enforcement of the performance of the duties imposed. It may be conceded that that would be the better and more effective course to be pursued, for there are many arguments in its favor. While all this may be conceded, yet it does not follow that the commission, to the extent of its powers, may not have concurrent jurisdiction over the same subject matter, but based upon a rather different foundation. The constitution (amendment, 1906) provides: "The powers and duties of such commission shall include the regulation of rates, service and general control of common carriers as the legislature may provide by law." By section 2, art. VIII, ch. 72, Comp. St. 1909, the commission is given power to regulate the rates and services of, and to exercise a general control over, all railroads; to examine and inspect, from time to time, the condition of each railway or common carrier, its equipment, and the manner of its conduct and management, with regard to the public safety and convenience in the state; and, if any part thereof is found in an unsafe and dangerous condition, said commission shall immediately notify the railway company whose duty it is to put the same in repair, which shall be done by it within a reasonable time after receiving such notice, etc. The duty of making and keeping a crossing in repair is imposed upon railroads by section 110, ch. 78, Comp. St.

1909. This section has been held valid in numerous. cases, among which are *State v. Chicago, B. & Q. R. Co.*, 29 Neb. 412; *Burlington & M. R. R. Co. v. Koonce*, 34 Neb. 479; *Missouri P. R. Co. v. Cass County*, 76 Neb. 396. By these provisions, and others, in the statutes, it is clear that the commission has a control, oversight and superintendency over all railroads within the state, "with regard to the public safety and convenience in the state," and for that purpose must, of necessity, have jurisdiction over every foot of railroad track in the state, without reference to whether the track is located within an incorporated village or city or in the open country. Wherever "the public safety and convenience" is overlooked or ignored by a railroad company in the condition of its tracks, the commission has the power, and it is its duty, upon complaint being made, to order the repair or correction. Should the authorities of a city or village fail or refuse to require the tracks to be rendered safe and convenient for the use of the public, the authority of the commission cannot thereby be ousted, and the people be left to shift for themselves, and be compelled to seek other means and places of crossing the tracks. It is manifest that they would not be permitted to enter the right of way of a railroad company and plank crossings in order to render the way passable. The safety of the traveling public, as well as of the railroad company itself, requires that the duty of making grade surface crossings safe and convenient must be with the railroad company.

The bill of exceptions shows beyond any question that Walnut street from the east to the west lines of the corporation is, and has been, open since the settlement of the village, the only obstruction being the railroad crossing; that on either side of the railroad track residences are established, and sidewalks have been constructed in front of the lots fronting on Walnut street to near the right of way of the railroad company; that the school house and some residences are located on the east side of the track, and the major portion of the residences and the

village church on the west side; that there are two street crossings in the village, both of which are frequently blocked by standing of freight trains; that at the point where the crossing is desired, and evidently needed, the railroad track is in a cut from 2 to 2½ feet deep; that the citizens and village authorities have stood ready to do the grading at their own expense, and the fact is stipulated in the record. The contention of the railroad company that the street in question has never been legally opened is a mere pretense, and entitled to no consideration. Without discussing the evidence at length, I am unable to see any good reason why the crossing should not be made, but many why it should, and that without further delay. It is clear that the safety and convenience of the public, of which the citizens of Hallam form a part, require that the railroad track be improved as ordered by the railway commission. In my opinion, the decision of the district court in dismissing the appeal was right, and should be affirmed.

Rose and FAWCETT, JJ., concur in this dissent.