197 P.2d 269

**VALLEY TRANSP. SYSTEM v.
REINARTZ et ux.**

No. 4952.

Supreme Court of Arizona.

June 22, 1948.

Rehearing Denied Sept. 20, 1948.

Norman S. Herring, of Douglas, for appellant.

William G. Hall and Hamilton R. Catlin, both of Tucson, for appellees.

LaPRADE, Justice.

This appeal results from a judgment in the sum of $8,000 for personal injuries and damages to automobile arising out of a collision of two motor vehicles. Appellants have made numerous assignments of error; we shall take cognizance of only two. Complaint is made that the judgment is excessive and that improper evidence was admitted relative to the measure of damages.

At the time of the accident (May, 1946) appellant was a certificated carrier of persons for hire. The accident and injuries were the result of a collision in which appellant's bus was driven into the rear of appellees' passenger car at a time when appellee husband was sitting at the

steering wheel endeavoring to start the motor. Appellees, husband and wife, and their two children testified that their car had become temporarily stalled, and that they had pushed it completely off the paved surface of the highway so that there was at least three feet between the car and the edge of the hard-surfaced pavement. Mud droppings and glass, together with skid marks, being the physical evidentiary facts of the point of contract, seemed to indicate that appellees' car or a portion of it was projecting onto the paved surface of the highway. Appellant makes much of these physical facts as indicating that the accident could not have happened as related by appellees. In any event the court instructed the jury as to the duty of the driver of a motor vehicle that has stalled to remove it from the highway. See section 66-116, A.C.A. 1939. The court also properly instructed the jury on the question of general negligence, proximate cause, and contributory negligence. Under our law statutory negligence may be negligence per se but not actionable unless it is the proximate cause of the injury, which is usually a question of fact for the jury. Davis v. Boggs, 1921, 22 Ariz. 497, 199 P. 116; Salt River Valley Water Users' Ass'n v. Green, 56 Ariz. 22, 104 P.2d 162; Butane Corporation v. Kirby, 66 Ariz. 272, 187 P.2d 325. The asserted contributory negligence of plaintiffs was for the jury alone. Davis v. Boggs, supra.

The appellee husband sustained no permanent injuries, but as a result of the accident received some shock and back strain. The medical testimony was to the effect that plaintiff had had some arthritic spurs along the spine that had been broken loose by the jar, but it was thought that in the long run this would prove beneficial in that increased mobility of the spine would result. Plaintiff was confined to his bed for approximately two weeks; was on crutches for some time thereafter; and did not work for six months. During all of this time he testified to experiencing severe headache and backache. At the time of the accident he weighed 142 pounds; went down to 109 pounds; and at the time of the trial, a year after the accident, he weighed 125 pounds. He expended or became obligated to pay for medical service the sum of $429. Plaintiff testified that for some time prior to April, 1944, he had been employed in a war industry both as an electrician and machinist at wages of $135 per week. Over objection he was permitted to testify that after this employment he opened his own electrical shop, which he maintained for 5½ months at a net profit to himself of approximately $500 per month. This business he had to discontinue because he could not obtain materials. During the four months preceding the accident he had been employed at a bakery at $50 per week. Strenuous objection is made, and rightly so, to the evidence admitted over objection wherein the plaintiff was permitted to relate that for four months prior to the accident he had been registered with the U. S. Employment Serv-

ice, and that he was "supposed to" be called up for a government job in Tennessee which would pay him "$1.75 per hour, plus overtime, with a guarantee of $150 a week with expenses." At the time of the trial, being a year subsequent to the accident, he had not been called to this possible (not probable, in view of the record) employment. Appellees argue that plaintiff's loss of wages was at least $3,200 and not $1,200, which would have been his earnings for the six-months' period at the bakery.

■■ The general rule seems to be that "Compensation for the loss of time resulting from a personal injury is to be measured by the amount of money which the injured man might reasonably have earned in the same time by the pursuit of his ordinary occupation, which may be ascertained from a consideration of the wages actually lost by him or by his average earnings, or from a consideration of his general qualities and his qualifications for any particular business in which he may be engaged. * * *" (Citing cases.) 25 C.J. S., Damages, § 86.

It is not proper, however, to consider what the plaintiff might have earned had he gone to another city, when what he might have earned is purely hypothetical, Omaha & R. V. Ry. Co. v. Ryburn, 40 Neb. 87, 58 N.W. 541; or re-engaged in a business formerly conducted, Dickeson v. Lzicar, 208 Iowa 275, 225 N.W. 406; or secured prospective employment, Pope v. Ryals, 232 Ala. 260, 167 So. 721.

■ It was improper to admit in evidence what the plaintiff earned in his own business during the 5½ months that he operated it in that it did not appear that the conditions that had caused him to discontinue his business had ceased to exist. Dickeson v. Lzicar, supra. Passion and prejudice are presumed to exist where improper evidence is admitted upon which the jury might act or improper instructions of law are given which might mislead the jury. Standard Oil Co. of California v. Shields, 58 Ariz. 239, 119 P.2d 116. It must be assumed that this hypothetical evidence influenced the jury to the full extent of its tendency, and it was, therefore, error, prejudicial to the rights of the appellant.

■ In view of the fact that this case is being reversed and remanded for a new trial, we feel it necessary to point out that a portion of the court's instructions on the measure of damages was unintelligible and in fact misleading. The instruction advised the jury that in arriving at the amount of damages to be assessed, if any, they were at liberty to take into consideration the nature of the injury, any pain or suffering experienced, etc., and then the instruction says: "any expenses that the plaintiffs have been put to as the result of the loss of earning capacity of the plaintiff, Frank Joseph Reinartz."

■ We desire to point out also that where, as here, the evidence was that the automobile was for all practical purposes destroyed and not susceptible of repair the

measure of damages is the difference between the value before and the salvage value, if any, of the car after the accident. City of Mesa v. Lesueur, 21 Ariz. 532, 190 P.2d 573.

 We pointed out above that statutory negligence is actionable only when it is the proximate cause of an accident and resulting injury. No litigant is to be denied relief merely because he may have been guilty of statutory negligence unless that negligence was the proximate cause of, or contributed to, his injury and resulting damage. Therefore, the following instruction was erroneous: " * * * Therefore, if you find from the evidence that the automobile belonging to the plaintiffs, Frank Joseph Reinartz and Ruth Dorothy Reinartz, his wife, was immediately prior to and at the time of the collision parked on the main or traveled portion of the highway, and if you further find from the evidence that it would have been practicable for the plaintiffs to have parked their car or left their car entirely off the traveled portion of the highway at the time and place when the accident occurred, you must find for the defendant. * * *"

These instructions were not assigned as error nor could they be under our new rules where they are not objected to. Section 21-1019, A.C.A. 1939; Ruth v. Rhodes, 66 Ariz. 129, 185 P.2d 304; Kauffroath v. Wilbur, 66 Ariz. 152, 185 P.2d 522. Observations concerning these instructions have been made for the purpose of aiding the trial court in obviating patent error in the event of a new trial.

The judgment is reversed and the cause ordered remanded for a new trial.

STANFORD, C. J., and UDALL, J. concur.