# Louisville & Nashville R. R. Co. *v.* Lovell.

### Injury by Collision.

#### (Decided May 18, 1916.   71 South. 995.)

1. **Evidence; Expert; Discretion.**—The examination of a physician testifying as an expert relative to personal injuries alleged to have been received, was necessarily largely within the discretion of the trial court.

2. **Same; Qualification.**—A general knowledge of the department to which the specialty belongs is sufficient to qualify a witness to testify thereto, and the sufficiency of a witness's knowledge of such subject to qualify him to speak as an expert in the matter is addressed to the sound discretion of the trial court.

3. **Railroads; Crossing Accident; Instruction.**—Where there was evidence of conditions which would require the observance of a statute relating to keeping a lookout and giving signals at a crossing, there was no error in charging the jury relevant thereto, or in refusing instruction taking such evidence from the jury's consideration.

APPEAL from Cullman Circuit Court.

Heard before Hon. R. C. BRICKELL.

Action by R. N. Lovell against the Louisville & Nashville Railroad Company for personal injuries, and for injuries to his team, resulting from a collision at a crossing. Judgment for plaintiff and defendant appeals. Affirmed.

(Transferred from Court of Appeals under the act creating said Court.)

GEORGE H. PARKER, and EYSTER & EYSTER, for appellant. A. A. GRIFFITH, and CALLAHAN & HARRIS, for appellee.

MAYFIELD, J.—This is an action to recover damages for injuries received in consequence of a collision between appellant's accommodation train, and appellee's team and wagon, in which collision two mules of appellee's were killed, and his wagon was demolished, and appellee himself, as he claims, received severe personal injuries; he being in the wagon and driving the team at the time of the collision.

The case was tried on the issues of negligence on the part of the defendant in the operation and management of the trains, in the failure to give the statutory signals, etc., and of contributory

[Louisville & Nashville R. R. Co. v. Lovell.]

negligence on the part of the plaintiff in failing to stop, look, and listen, before attempting to cross the railroad track, and in failing to observe and avoid the danger.

Dr. Hays, a physician, testified as an expert as to the personal injuries alleged to have been received by plaintiff, in the particulars of extent, character, and probable cause.

(1, 2) There was no error in any of the rulings as to such evidence. The examination of such witnesses as to such matters is, of necessity, largely discretionary with the trial court, and we find no abuse of the discretion, nor any denial to the defendant of any of its rights in and to such examinations. A general knowledge of the department to which the specialty belongs is enough to qualify a witness to testify thereto, and if such one, in the opinion of the court, have special acquaintance with the immediate lines of inquiry, he need not be thoroughly acquainted with the differentia of the specific specialty under consideration.

(3) The sufficiency of a witness' efficiency in knowledge of the subject inquired about to qualify him to speak as an expert in the matter is addressed to the discretion of the trial court and its rulings thereon can be disturbed only on its clearly appearing that the court's action was erroneous.—*Alabama Consol. Coal & Iron Co. v. Heald,* 168 Ala. 627, 53 South. 162.

(4) Counsel for appellant are in error in treating the case as if the undisputed evidence showed the track to be straight for such distance, on either side of the point at which the collision occurred, as to take the case out of the influence of the statute which requires those operating locomotives and trains, as in this case, to keep a special looking, and to sound signals of alarm, etc. It is true that the great weight of the evidence tends to show that the track was straight and free from obstructions as to view, etc.; but there was some evidence of conditions which would require the observance of the statute, and therefore there was no error in charging the jury on this subject and phase of the case, as was done, nor in refusing requested charges to the defendant, which took from the jury the consideration of the evidence on this subject.

The evidence was in dispute as to each of the issues tried, and we are not prepared to say that the trial court erred in declining to set aside the verdict and award a new trial.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.