167 So. 721

**POPE v. RYALS.**

3 Div. 159.

Supreme Court of Alabama.

March 5, 1936.

Rehearing Denied April 23, 1936.

Weems C. Dorn, of Mobile, and Powell & Hamilton, of Greenville, for appellant.

Thos. B. Hill, Jr., and Wm. Inge Hill, both of Montgomery, and Jos. R. Bell, of Hayneville, for appellee.

THOMAS, Justice.

The suit was for personal injuries and damages, the result of a collision on the public highway.

Plaintiff propounded interrogatories to the defendant under the statute, section 7764, Code 1923. Answers to the interrogatories propounded thereunder are in the nature of discovery of "material testimony" in the cause, and the interrogating party only has the option of offering the same in evidence at the trial. If such party so elects, he "must offer the whole, and cannot select the answers or parts of answers suited to his purpose" (Alabama Power Co. v. Bodine, 213 Ala. 627, 105 So. 869, 871; Birmingham Railway Light & Power Co. v. Oden, 164 Ala. 1, 51 So. 240; Henry et al. v. White et al., 224 Ala. 427, 140 So. 391); that is to say, if the answers are pertinent, material, relevant, and competent. The rule does not require the introduction of the entire deposition and answers, where parts thereof are objectionable and due objection is made thereto. In such circumstances the pertinent, material, relevant, and competent parts may be read to the jury. Defendant cannot complain, in that if there was error, it was induced by defendant's insistence to the trial court that all or none be introduced in evidence. That is, while it may be conceded that the court erred in the first instance, in compelling the defendant to answer the interrogatories in respect to the insurance, this error was innocuous; but for the insistence of the defendant that the entire paper (all or none) be offered in evidence, including the

objectionable features, no error would have intervened.

■ We find no error in permitting the several questions to and answers by Dr. Hill. He was qualified as an expert, and as such, may testify as to the meaning of the X-ray pictures introduced in evidence, and the extent and effect of such injuries. The sufficiency of a witness' efficiency in knowledge of a subject, to qualify him as an expert to testify, is largely within the discretion of the trial court. Watson et al. v. Hardaway-Covington Cotton Co., 223 Ala. 443, 137 So. 33; Louisville & Nashville R. Co. v. Lovell, 196 Ala. 94, 71 So. 995.

■ The trial court properly sustained defendant's objection to plaintiff's effort to give in evidence the fact of his prospective employment. This is not within the rule of recovery for loss of a definite earning power or wages or income. Davis, Director General of Railroads, v. Smitherman, 209 Ala. 244, 96 So. 208.

There was no error, under the evidence, in overruling the motion for a new trial.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN, and KNIGHT, JJ., concur.

On Rehearing.

THOMAS, Justice.

The element of damages as to prospective employment being stricken from the amendment to the complaint, we are impressed counsel for plaintiff were merely trying to present and reserve exception to the ruling as to such damages on introduction of evidence, in order to avoid any question concerning the right to recover the same under the complaint as framed before the amendment and without regard to that amendment. This action of counsel and rulings of the court on several questions propounded were not within the rule of Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389. Moreover, this matter inquired about, had it been improper, was not of the class held ineradicable and was not corrected by the adverse rulings of the trial court.

The motion for a new trial was properly refused on the ninth ground thereof, and the application for rehearing is overruled.

Application overruled.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.