267 So.2d 538

**Warren CARMICHAEL**

**v.**

**STATE.**

**8 Div. 267.**

Court of Criminal Appeals of Alabama.

Oct. 3, 1972.

No brief for appellant.

William J. Baxley, Atty. Gen., and Samuel L. Adams, Asst. Atty. Gen., for the State.

TYSON, Judge.

The May 1971 Term of the Grand Jury of Madison County, Alabama, charged the appellant with the unlawful sale of Marijuana.

The Jury found the appellant guilty, and the trial court entered judgment which fixed punishment at ten years and six months imprisonment.[1]

Police Officer Jerry Max Birmingham testified that he had been a narcotics undercover agent with the Huntsville Police Department for more than one year, and, on the night of April 9, 1971, he went to 4300-C Boxwood Drive, University Apartments, in Madison County, Alabama. At this apartment he was introduced to the appellant, Warren Carmichael, of whom he

---

1. The Alabama Uniform Controlled Substances Act, Act No. 1407, 1971 Regular Session, approved September 16, 1971, is now codified as Title 22, Section 258 (25)–(60), Code of Alabama, Recompiled 1958.

inquired, "Do you have anything for sale?" The appellant replied, "he had three lids of Marijuana that he wanted to get rid of." At this time the officer purchased one lid of Marijuana for $25.00 and made an agreement to take the other two lids and pay the appellant for them at a later date. Officer Birmingham kept this Marijuana in his possession in a sealed envelope until June 23, 1971, as he had been working undercover, and on this date turned the envelope over to Officer Randall Duck of the Criminal Intelligence Unit of the Huntsville Police Department, who, in turn, delivered it to the State Toxicologist's office. Officer Duck testified that the bag was sealed, and that he did not open it.

John H. Kilbourn testified that he was a Criminal Laboratory Technician with the Alabama Department of Toxicology and Criminal Investigation and did examine the envelope in question and its contents, and that the contents in fact were Marijuana.

The appellant, at the close of the State's case, made a motion to exclude, and requested the affirmative charge, which were denied.

The appellant testified that he was a student at Alabama A & M University, and, while he lived in the same University Apartments area testified to by Officer Birmingham, that he had never seen Officer Birmingham, did not sell him any Marijuana, or go to the apartment in question, and denied ever having sold Marijuana to anyone; that his wife was employed as a teacher in the Huntsville school system. The appellant put on a number of character witnesses in his behalf.

I

■ During the direct examination of Officer Birmingham, the appellant objected to the officer stating an opinion as to whether or not the substance purchased was Marijuana. The testimony showed that Officer Birmingham had been a criminal undercover agent for approximately one year and had opportunity to observe, smell, and examine Marijuana on some "forty or more" occasions. The trial court permitted him to state that the substance purchased from the appellant was Marijuana.

We believe the opinion herein expressed by Officer Birmingham falls within the purview of the rule set forth in Gast v. State, 232 Ala. 307, 167 So. 554, wherein the court stated:

". . . The sufficiency of a witness' efficiency in the knowledge of the subject and material facts to qualify him to testify is largely within the sound discretion of the trial court. Watson et al. v. Hardaway-Covington Cotton Co., 223 Ala. 443, 137 So. 33; Louisville & Nashville R. Co. v. Lovell, 196 Ala. 94, 71 So. 995; Pope v. Ryals (Ala.Sup.) [232 Ala. 260,] 167 So. 721; Williams v. State, 224 Ala. 6, 138 So. 291; Bass v. State, 219 Ala. 282, 122 So. 45; Kilpatrick v. State, 213 Ala. 358, 104 So. 656; Jones v. State, 181 Ala. 63, 61 So. 434. And no abuse of discretion was shown to have been committed by the trial court in allowing the witnesses—expert and lay—to testify."

■ The question of the witness' qualifications to testify, whether expert or lay, is within the discretion of the trial court. Alexander v. State, 37 Ala.App. 533, 71 So.2d 520, and authorities cited therein.

We find no abuse of discretion in the instance above set forth.

II

■ The evidence here as to the sale by the appellant of the Marijuana to Officer Birmingham being in conflict presented a question for the jury. We are of the opinion that the facts hereinabove enumerated, when construed in the light most favorable to the prosecution, Coleman v. State, 37 Ala.App. 406, 69 So.2d 481, adequately support the verdict and judgment. See Beatty v. State, 36 Ala.App. 699, 63 So.2d 287.

We have carefully examined this record, as we are required to do by the provisions of Title 15, Section 389, Code of Alabama, Recompiled 1958, and finding no error therein, the judgment is due to be and the same is hereby

Affirmed.

All the Judges concur.