284 So.2d 739

**Charlie GRISSOM, alias**

v.

**STATE.**

**7 Div. 240.**

Court of Criminal Appeals of Alabama.

Aug. 21, 1973.

Rehearing Denied Sept. 25, 1973.

James F. Hinton, Gadsden, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Samuel L. Adams, Sp. Asst. Atty. Gen., Dothan, for the State.

TYSON, Judge.

The indictment charged the appellant with the unlawful sale of amphetamines in

violation of the Alabama Uniform Controlled Substances Act. The verdict found the appellant guilty as charged and judgment fixed punishment at two years imprisonment, plus a fine of $3000.00.

The State presented the testimony of Michael Mason, who testified as to a purchase on May 11, 1972, of a package of amphetamines from the appellant while working as an undercover agent for the Piedmont, Alabama, police. The purchase was made at Charlie Grissom's Cold Beverage Store on the Cedartown Highway at about 9:30 in the evening. This was corroborated by Piedmont Police Officer Fred Baker.

John M. Case, State Toxicologist, identified the drugs as amphetamines.

The appellant presented his own testimony and that of Jeanette Smith, by which he sought to establish an alibi that he was in Atlanta on business the day in question.

I

The appellant contends that he cannot be convicted on the "uncorroborated testimony of a paid informer." An undercover police officer engaged in attempts to uncover violations of law is not an accomplice of one charged with such violation. Brown v. State, 44 Ala.App. 135, 203 So.2d 700, and cases therein cited. Moreover, here the testimony was corroborated by Piedmont Police Officer Baker.

The conflicting testimony of the appellant and that of an undercover police agent presents a question for the jury, Carmichael v. State, 48 Ala.App. 748, 267 So.2d 538, and as such was sufficient to sustain the conviction. Cases cited.

We have carefully examined this record, as required by Title 15, Section 389, Code of Alabama 1940, and find no error therein. The judgment is due to be and the same is hereby

Affirmed.

All the Judges concur.