321 So.2d 708

**Marvin HILL, Jr.**

v.

**STATE.**

**8 Div. 466.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1975.

Rehearing Denied Oct. 21, 1975.

Roger H. Bedford, Russellville, for appellant.

William J. Baxley, Atty. Gen., and Jane LeCroy Robbins, Asst. Atty. Gen., for the State.

TYSON, Judge.

Marvin Hill, Jr., was indicted for unlawfully selling eighteen grams of Marihuana to Mike Mason on May 15, 1973. The jury found the appellant guilty, and the trial court set sentence at three years imprisonment in the penitentiary.

Mike Mason testified that he was in Russellville, Alabama, working as an undercover agent for the Police Department on May 14, 1973. He stated that he had worked in this capacity for approximately two and one-half years, and that on the date in question, accompanied by one Roger Gandy, he went to the home of the appellant on Hamilton Avenue at about 8:15 in the evening. He stated that he had been furnished money by the Police Department of the City of Russellville in an effort to make an "undercover buy." He stated that he and Gandy called to the appellant, and that the appellant replied by asking them what they wanted. From the record:

"A Mr. Hill stuck his head out the window and asked us what we wanted and we told him we wanted to get a six-pack of beer and Hill replied he was out of beer, at this time, and I then asked Mr. Hill if he had any marijuana and he asked me how much I wanted and I replied I wanted a lid, which is one ounce or $20.00 worth and Hill told me and Gandy both to come into the house and we both went into the house and to sort of explain the way you get into the house, you go through a hallway, then you come to another room which has tables and chairs like a cafe, then he's got another room back there where a bar is. There were two other men back there, at this time, and I don't recall what their names were and Hill then told us, he would have to go get the marijuana, so Hill then left and stayed gone approximately 15 to 20 minutes and Hill returned back to the house where me and Gandy were waiting and he called me over to the hallway where we first went into the

house and I went over to where he was standing and he handed me a plastic bag containing the green plant material."

Mason further stated that he gave the appellant a twenty dollar bill for the green plant material, that he and Roger Gandy then left and drove to the Colonial Inn Motel where he delivered this to Captain Burns Saint of the Russellville Police Department shortly before 9:00 p. m. The plastic bag containing the green plant material was then placed in a white envelope and sealed, that each of them then placed their initials across the envelope label, and the date was then written on it, May 15, 1973.

Mason stated that he next saw this envelope in the possession of Russellville Police Officer Carl D. McNatt on May 29, 1973, when he picked this officer up at his home on the morning of the 29th. He testified that Officer McNatt, Roger Gandy and he then drove to the State Toxicology Office in Huntsville, Alabama, where the envelope in question was delivered to John H. Kilburn, that it was still sealed with the initials on it at the time of this delivery.

Mason further testified that the sale in question took place in Franklin County, Alabama, on May 15, 1973.

On cross-examination, Mr. Mason testified that Dr. Kilburn gave him a receipt for the white envelope which contained the green plant material at the Toxicology Office, which receipt he then turned over to the Russellville Police, who, in his presence, gave it to the District Attorney's Office.

Carl D. McNatt testified that he was a police officer in the City of Russellville on May 29, 1973. He stated that on the preceding evening at Police Headquarters, Captain Saint called him in and explained that he was going to have to be out of the city the next morning and asked him to lock a white envelope with the initials of Mike Mason and Roger Gandy in his locker overnight. He testified that the envelope was sealed at the time of delivery, that he did not unseal it, that he removed it the following morning and took it with him to his apartment house where Mike Mason and Roger Gandy picked him up shortly after 8:00 in the morning, and that the three of them then drove in Mike Mason's automobile to the State Toxicology Office in Huntsville, Alabama. He testified that the envelope was handed to Dr. John Kilburn, that Dr. Kilburn's secretary made out a receipt for the white envelope, which Dr. Kilburn signed and handed to Mike Mason. Officer McNatt testified that the envelope was still sealed when it was handed to Dr. Kilburn.

Roger Gandy testified that he accompanied Mike Mason on May 15, 1973, to the home of the appellant, Marvin Hill. He testified that the two of them drove over in a 1969 black and white Chevrolet Impala about 8:00 that evening. He stated that they first asked the appellant for some beer, that the appellant told them he was sold out. They then asked him for some Marihuana and he told them he would go get it, that he was gone for about fifteen or twenty minutes and when he returned he handed a plastic envelope to Mike Mason. He stated that Mike Mason and the appellant were standing down the hallway at the time a short distance from him. He testified that within a few minutes thereafter, he and Mason drove to the Colonial Inn Motel and there met his uncle, Captain Burns Saint, Chief of the Russellville Police Department. He stated that he and Mike Mason delivered this plastic bag containing the green plant material to Captain Saint, that they were in Mike Mason's motel room, that it was placed in a white envelope and sealed, and that each of the three of them put their initals and the date, May 15, 1973, on it. He testified that he next saw this envelope in the possession of Russellville Police Officer Carl D. McNatt about 8:00 on the morning of May 29, 1973, when he and Mike Mason picked up Officer McNatt at his apartment. He testified that the three of them then drove to

Huntsville, and that he was present when this envelope was handed over to State Toxicologist John Kilburn, who gave a receipt for it to Mike Mason.

Captain Burns Saint testified that he was a Captain with the Russellville Police Department on May 15, 1973. He testified that he met his nephew, Roger Gandy, and Mike Mason about 8:45 on the evening of May 15, 1973, at the Colonial Inn in Mike Mason's room. He testified that the two men delivered to him a plastic bag containing a green plant material, which they stated had just been purchased that evening. He stated that at this time it was placed in a large white envelope and sealed, and that each of the three of them placed their initials on the envelope, then wrote the date. Captain Burns testified that he then took this envelope, placed it in his personal locker at Police Headquarters and that he was the only person who had a key to his locker. He stated that on the night of May 28, 1973, he called Officer Carl D. McNatt, who then went with him, Saint, to his locker, that he opened it and handed the envelope, still sealed, to Officer Mc-Natt. He testified that at no time while he was in possession of the envelope was it opened. He further testified that he asked Officer McNatt to contact Mike Mason and Roger Gandy.

John H. Kilburn testified that he was State Toxicologist in a Huntsville, Alabama, office. He testified that at about 10:10 on the morning of May 29, 1973, a Russellville Police Officer, called McNatt, and Mike Mason, accompanied by Roger Gandy, delivered one white envelope, which bore a Russellville letterhead, and which was sealed, with the initials of Mason, Gandy and Captain Burns Saint, with the date May 15, 1973, 9:00 p. m., across it, to him. The envelope also contained the words, "Purchased from Marvin Hill, May 15, 1973, at 8:35 p. m., for $20.00, Hamilton Avenue, Russellville, Alabama." He testified that his secretary wrote out a receipt in his presence, which he signed, and gave

to Mike Mason for this envelope. He testified that his office then made several tests and examinations of the material and determined that it was "Marijuana."

On cross-examination, Dr. Kilburn testified that the material in question was sometimes known as "Cannabis Sativa L," and that also under Title 22, Section 258 (29)(d)(17), as amended 1971, it is referred to as "Tetrahydrocannabinols." He stated that he had made several chemical tests in determining the nature of the material in question. He further testified that he had examined possibly as many as 3,000 samples over a three-year period which had been submited to him for examination, and that of this number perhaps fifty to sixty had been ruled out as not being "Marijuana," but that the material submitted to him by the three men of Russellville on May 29, 1973, was "Marijuana."

The appellant's motion to exclude the State's evidence was overruled.

Marvin Hill, Jr., testified that he lived in the City of Russellville, and that he remembered the evening when Roger Gandy and a man with him, who identified himself as Mike Mason, came by a soft drink stand, which he had at the rear of his house. He stated that the two men asked him for some beer, because they had a "fast date." He said that they also asked him if he had any "pills or grass, or something," and that he told them he did not fool with things like that. He said that while the two men were there he had a telephone call, that he told them he would have to leave, and that a couple of months later, Russellville Police Captain Saint and Sheriff's Deputy Buckshot came out. They told him that he was charged with the possession of "Marijuana." He testified that he had never seen Mike Mason before the night in question, and that he did not sell him anything.

In rebuttal, the State called Mike Mason, who testified that on the night of May 15, 1973, he made the purchase from Marvin

Hill, and that there was no conversation at all about his having a "fast date," and that he did not ask for any "pills."

I

■ The appellant argues that his motion to exclude the State's evidence should have been granted since the State did not prove a prima facie case, and that his conviction could not be based upon the "uncorroborated testimony of an accomplice."

In *Grissom v. State,* 51 Ala.App. 285, 284 So.2d 739, cert. denied 291 Ala. 780, 284 So.2d 740, this Court held:

"The appellant contends that he cannot be convicted on the 'uncorroborated testimony of a paid informer.' An undercover police officer engaged in attempts to uncover violations of law is not an accomplice of one charged with such violation. *Brown v. State,* 44 Ala.App. 135, 203 So.2d 700, and cases therein cited. Morover, here the testimony was corroborated by Piedmont Police Officer Baker.

"The conflicting testimony of the appellant and that of an undercover police agent presents a question for the jury, *Carmichael v. State,* 48 Ala.App. 748, 267 So.2d 538, and as such was sufficient to sustain the conviction. Cases cited."

In the case at bar, both Mike Mason and Roger Gandy testified that the purchase was made from the appellant on the evening of May 15, 1973, in Russellville, Alabama, between 8:00 and 8:30 p. m., at appellant's home on Hamilton Avenue. Each testified that they immediately drove to the Colonial Inn Motel, there met Russellville Police Captain Burns Saint, where the green plant material, which was in a clear plastic bag, was placed in a white envelope, then sealed, and the two men and Captain Saint each placed their initials on the envelope and dated it.

Captain Saint testified that he placed this envelope in his police locker that evening, that no one else had a key, that the envelope remained there until the night of May 28, 1973, when he removed it in the presence of Officer Carl McNatt and handed it to this officer, still sealed.

Officer McNatt testified that he kept this envelope in his locker overnight, that the following morning he removed it, still sealed, shortly before 8:00, and that no one else had a key to his locker, that he drove to his apartment in Russellville where he met Mike Mason and Roger Gandy. The envelope was not opened at any time. He testified that the three of them then drove to Huntsville and delivered this envelope, still sealed, to Dr. John Kilburn at the State Toxicology Office.

Without question, the matter of venue was clearly established, as well as the State's chain of possession of the evidence, therefore the appellant's motion to exclude the State's evidence was properly overruled. *Carmichael v. State,* 48 Ala. App. 748, 267 So.2d 538; *Daniels v. State,* 49 Ala.App. 654, 275 So.2d 169; *Grissom v. State,* supra.

II

■ This Court has carefully examined the testimony of Dr. John Kilburn and finds that he properly identified the green plant material as being "Marijuana," or "Marihuana," as required by law. Title 22, Section 258(25) et seq., Code of Alabama 1940, as amended 1971. See particularly *Haynes v. State,* 54 Ala.App. 714, 312 So.2d 406, cert. denied 294 Ala. 758, 312 So.2d 414.

III

■ Appellant argues that the State should not have been allowed to have its witness, Mike Mason, testify in rebuttal that he had not said anything to the appellant about a "fast date" [R. p. 70].

This rebuttal was allowed since the appellant had testified [R. p. 64] that Mason and Gandy had asked him for beer and also "pills or some grass" as they had a "fast date." Such was clearly material testimony in this cause, and the appellant was not impeached upon an immaterial matter.

We have carefully examined this record, as required by law, and find no error therein. The judgment of the trial court is due to be, and the same is hereby

Affirmed.

All the Judges concur.