TYSON, Presiding Judge.
Gabriel Hagendorfer was charged by the indictment with unlawfully selling marihuana to William Womack, on June 12, 1976, contrary to the provisions of the Alabama Uniform Substances Act.[1],[2] The jury’s verdict found the appellant guilty as charged, and the trial court entered judgment which set sentence at six years imprisonment in the penitentiary.
The appellant asserts four contentions on appeal which arise from the following testimonies at trial conducted November 8,1976, in the Circuit Court of Baldwin County.
William H. Womack, a State Narcotic Agent with the ABC Board, and Roland Wayne Howell, a Deputy Sheriff with the Baldwin County Sheriff’s Department, testified that they were together on the evening of June 12, 1976, when they first encountered the appellant, Gabriel Hagendor-fer, near the baseball park in Pensacola, Florida. They had driven to this location from near Elberta in Baldwin County in the company of the appellant’s brother, Billy Hagendorfer, and a girl named Mary Frank. Subsequently the officers followed the appellant back across the “Lillian Bridge” along U.S. Highway 98 until it intersected with County Road 87, just east of Elberta where the appellant turned off. The appellant was driving a Chevrolet Camero, and the two officers were following in an unmarked automobile. The appellant pulled up a couple of a hundred yards, stopped, and the two officers pulled up beside him. The appellant advised them, “It’s right here,” and proceeded to fill three plastic sandwich bags, commonly called “baggies,” and the two officers paid him $45.00, two twenties, and a five dollar bill. He then handed the three bags of marihuana to the officers. This transaction took place between five and ten minutes, and occurred between 10:00 and 10:30 o’clock on the evening of June 12, 1976 (R. pp. 20-21).
The two officers shortly thereafter delivered the three plastic bags to Deputy Gene Kinsey, who placed them in a manila envelope and marked the envelope with his initials, then delivered this envelope to *1099 Chief Deputy Sheriff James W. Anderson, Jr.
The following morning, June 13, 1976, Deputy Larry Linder received the manila envelope from Chief Deputy Anderson about 9:00 a. m., and after examining it and finding that it contained three plastic bags of marihuana, he initialed the envelope and delivered it to State Toxicologist James L. Small at the Mobile office.
Mr. Small testified that he performed two scientific tests on the contents of the three plastic bags in addition to examining the substance through a microscope. Mr. Small testified that the total weight of the green plant material was 61.2 grams, and that it was marihuana.
The appellant presented the testimony of Mary Frank and his brother, Billy Hagen-dorfer, in addition to his own testimony, which did not vary from the testimonies of Officers Womack and Howell, except that the defendant’s witnesses contended that the sale of the marihuana to Officers Wom-ack and Howell took place in Florida before they crossed the Lillian Bridge into Baldwin County.
I
The appellant first contends that the State failed to prove a prima facie case in that the alleged marihuana was never admitted into evidence.
We have carefully examined this record and determined that the substance was marked for identification on motion of the District Attorney, Mr. Hendricks, as State’s Exhibit 2, and was exhibited to the jurors with the statement from Mr. Hendricks, “We want to introduce these three packages, these three things in evidence here, and you can combine them.” No objections were interposed by the appellant, nor was there an issue made at trial to this offer of this proof.
We are of the opinion that the State here established through the testimony of the several officers a prima facie case, and that venue of the offense was also properly established. Hill v. State, 56 Ala.App. 369, 321 So.2d 708, cert. denied 295 Ala. 405, 321 So.2d 713.
Moreover, the State Toxicologist, Mr. Small, and three of the officers identified the substance in question as marihuana. This was without objection or exception. We therefore, are of the opinion that the appellant’s argument is not well taken. Gamble v. State, 48 Ala.App. 605, 266 So.2d 817; Simpson v. State, 51 Ala.App. 279, 284 So.2d 734; Hill v. State, supra; Means v. State, 51 Ala.App. 8, 282 So.2d 356, cert. denied 291 Ala. 792, 282 So.2d 359, and authorities therein cited.
Moreover, the appellant’s own witnesses at trial identified the substance as marihuana. Thus, no error is shown.
II
The appellant also contends that there was a fatal variance between the indictment and proof on trial since the evidence established a sale to Deputy Sheriff Roland Howell “when the indictment charged the unlawful sale of marihuana to William Womack.”
At the outset, we note there was no demurrer imposed to the indictment, nor was the sufficiency of this indictment raised at trial. Where, as here, the indictment follows substantially the language of the statute, but simply fails to set out the name of the vendee, such was nevertheless sufficient to support a judgment of conviction. Duin v. State, 288 Ala. 329, 260 So.2d 602, and authorities cited therein.
In the case at bar, however, the indictment simply averred the name of Agent Womack when the proof on trial affirmatively establishes that both officers participated in the purchase from the appellant, and each was handed at least one plastic bag of marihuana at the time of the alleged sale (R. pp. 20-22, and R. pp. 41-48).
We are of the opinion that this was one joint transaction, and the evidence was properly admitted as to the sale to the officers, Womack and Howell. Morrow v. State, 52 Ala.App. 145, 290 So.2d 209, cert. *1100 denied 292 Ala. 743, 290 So.2d 213, and authorities therein cited.
III
The appellant asserts that there was a prejudicial comment in the presence of the jury by the district attorney just before the noon recess, wherein the following occurred (R. pp. 39-40):
“THE COURT: All right. Ladies and Gentlemen, we are going to recess for lunch. Let me caution you not to discuss this case with anyone, not even among yourselves. Do not allow anyone to discuss it in your presence. If they do, tell them you are on this Jury, and if they persist in discussing it with you or in your presence, please report that back to the Court. Let me caution you not to discuss this case with anyone.
“MR. HENDRICKS: Are you going to keep them together?
“THE COURT: No, sir. I have already discussed' that with both of them. All right, Ladies and Gentlemen, you are excused. Let’s try to get back here by 1:15.
“(WHEREUPON, A RECESS WAS HELD, AFTER WHICH THE FOLLOWING OCCURRED:)
This argument, however, overlooks the agreement between the attorneys that the jurors could separate (R. pp. 3 — 4), and in addition, there was no objection or other motion with reference to the comment of the district attorney above shown. Therefore, no ruling of the trial court was invoked. In brief, the appellant seeks to assert the invalidity of Title 30, Section 97, Code of Alabama 1940, as being violative of the Fourteenth Amendment to the Constitution of the United States (Appellant’s brief, page 9).
In Weathington v. City of Birmingham, 52 Ala.App. 77, 289 So.2d 645, writ den. 292 Ala. 757, 289 So.2d 649, we find the following discussion:
“Further, to warrant a court in decreeing a statute void, its invalidity must be distinctly pointed out. Cooper v. Hawkins, 234 Ala. 636, 176 So. 329.
“Here, the alleged unconstitutionality of this act was not raised in the trial court. As stated in Williams v. City of Birmingham, 41 Ala.App. 208, 133 So.2d 713, cert. denied 272 Ala. 671, 133 So.2d 718, ‘We are not at liberty to consider a question which was not raised below.’
“There is no evidence or pleading pertaining to this issue in the record. Therefore, there is nothing for this Court to review on this alleged error. Williams v. State, 291 Ala. 505, 282 So.2d 905.”
Moreover, the argument here asserted by the appellant has been expressly rejected by the Supreme Court of Alabama in Young v. State, 283 Ala. 676, 220 So.2d 843.
IV
Finally, the appellant asserts that he was improperly impeached at trial with reference an alleged conversation which took place three or four days after the alleged sale in question between the appellant and the two officers at Wolf Bay Lodge. On Record page 114, during cross-examination, we find the following colloquy:
“Q. Did you see either or both of these officers two or three days after this night that we are talking about?
“A. Yes, sir.
“Q. Where?
“A. At a place called Wolf Bay Lodge. It was a week to the day.
“Q. Did you talk to them?
“A. They talked to me.
“Q. They talked to you?
“A. Yes. They wanted to buy some more.
“Q. Did you tell one of these officers on that occasion, or both of them, that you were so bummed out of your mind, in those exact words, so bummed out of your mind on the night that you made the sale to them that you didn’t even know how much you let them have or what they paid you?
“A. No, sir.
“Q. You didn’t say that to these officers?
“A. No, sir.
*1101 “MR. HENDRICKS: That’s all.”
In rebuttal, both Officers Womack and Howell were called to the stand and were asked if in fact the appellant had made a statement in effect that “he was so bummed out of his mind that he did not remember,” and each officer answered in the affirmative (Deputy Howell, R. pp. 116-117; and Agent Womack, R. pp. 121-122).
We are of the opinion that the trial court was careful here to see that a proper predicate was laid for this impeachment testimony; and that in the first instance where the district attorney referred to Wolf Bay Lodge as Gulf Gate Lodge, such was corrected during the testimony of the two officers so that there was no question as to the place where such statement was made, and moreover, that the time and essence of the statement were sufficiently called to the appellant’s attention during the cross-examination shown above. We are of the opinion that this statement, being in effect an admission against interest, was properly admitted by the trial court. Blackwell v. State, 264 Ala. 553, 88 So.2d 347, and authorities therein cited.
We have carefully examined this record and find same free from error. The judgment is therefore
AFFIRMED.
All the Judges concur.

. Title 22, Section 258(29)(d), Code of Alabama 1940, as amended 1971.

. Appellate counsel did not represent the appellant on trial of this cause.