TYSON, Judge.
Jan McCart, also known as Valoría J. Martin, was charged with the sale of Marijuana on May 11,1979, contrary to law. The jury found her “guilty as charged,” and the trial court set sentence at eight years imprisonment in the penitentiary.
Howard Eugene “Gene Exline, Jr., testified that, in May and June, 1979, he was employed as a deputy, working in the undercover operations of the Sheriff’s Department in Russell County, Alabama. Exline indicated that he reported directly to Captain Tommy Boswell and was working with a confidential informant on May 11, 1979, when he and the informant drove to a house in Phenix City, located at 1011 16th Street, arriving there at approximately 5:20 that afternoon. Exline stated that, prior to driving there, he searched the informant and found that he only had a $20.00 bill, which was furnished to him by Exline, and had no other funds, nor did he have any kind of narcotics or drugs on his person. Upon arrival at this address, the informant got out of the car and walked to the porch where Exline observed him in conversation with the appellant, Jan McCart, also known as Valoría Jan Martin. Exline stated that a black male was seated in a chair on the porch and that he observed the informant hand the $20.00 bill to the appellant, then return to the automobile. He stated that they had been directed to drive to Columbus, Georgia, where the appellant would meet them at the corner of 14th Street and Broad within thirty minutes.
Exline stated they drove to Columbus and stopped at the location as directed. Within thirty minutes a black over white Ford with the appellant riding on the passenger’s side pulled up behind them and stopped. Exline watched the informant get out, walk back to the Ford car, lean on the window, and within just a few moments return with a clear plastic bag containing a green leafy substance. Exline indicated this was the same Ford automobile that he had seen parked at the appellant’s residence earlier that afternoon.
Exline stated that he took the plastic bag, placed it in a manila envelope, initialed it, and turned it over to Captain Thomas Boswell of the Russell County Sheriff’s Department about 7:30 that evening. He stated that he met Boswell near the State Docks about two hours after his informant handed *234 the plastic bag containing the marijuana to him.
On cross-examination, Exline indicated that he did not hear the conversation either at the appellant’s home or later in Columbus, Georgia, when they met the appellant and the informant received the plastic bag of marijuana.
Russell County Sheriff’s Captain Thomas F. Boswell stated that the Sheriff’s Office was working with the Russell County District Attorney’s Office in May and June, 1979, investigating drug and narcotic sales in the county. Boswell indicated that Deputy Exline was working undercover with a confidential informant and that Exline was instructed to contact him and make delivery of any drug purchases. He stated that Exline wore blue jeans, had a beard, and was driving a Grand Prix Pontiac automobile which was borrowed from a used car lot in Phenix City. Boswell stated that he met Exline about 7:30 p. m. near the State Docks off Brickyard Road on the evening of May 11, 1979. Exline then handed him an envelope which contained a clear plastic bag. Inside this bag was a green leafy plant material. The two officers then initialed the envelope and sealed it. Boswell kept this in an “evidence box” in the trunk of his car until May 15, 1979, when he placed it under lock and key in the District Attorney’s evidence locker in the Courthouse. Captain Boswell stated that, on May 17,1979, he removed the envelope containing the plastic bag, again initialed it, and delivered it to Mr. Tellis D. Hudson, criminalist with the Alabama Department of Forensic Sciences. Boswell stated that he was one of two persons who had a key to the evidence locker and that the envelope had not been touched or disturbed since he placed it in the District Attorney’s locker two days before.
Tellis D. Hudson, criminalist with the Alabama Department of Forensic Science stated he worked in Auburn, Alabama, and that he ran tests on items which were sent to his department for examination. He testified that, on May 17, 1979, he had gone to the Russell County District Attorney’s Office on business and there received a manila envelope from Captain Boswell of the Sheriff’s Department which was sealed and contained his own initials and those of Captain Boswell. Hudson indicated that he opened the packet at the other end and made an examination of the green leafy plant material. Hudson stated that he ran three separate tests on the material and determined the green leafy plant material to be marijuana, 11.9 grams of same. Hudson also indicated the portion of the manila envelope which he tore in order to open same and the original packet were marked Exhibits One and Two, and these items were admitted into evidence.
The appellant made a motion to exclude the State’s evidence and also made a motion to dismiss because the State had not presented a prima facie case, and that there was a break in the chain of possession of the prohibited substance, and further that the act commenced in Alabama and ended in Georgia. These motions were overruled.
Allie Mae McCart testified that she resided at 1011 16th Street in Phenix City, and was at home the afternoon of May 11,1979, when one Mike Wash came to her front door. She stated that she saw Wash speak to her daughter, the appellant, and said, “Jan, here is twenty dollars that Buddy Berdoux borrowed, and he asked me to bring it to you” (R. p. 56). Mrs. McCart said that Wash had gone to school with her daughter. She said that Wash asked her daughter if she knew where he could sell some pot, Mrs. McCart stated the appellant told Wash that she knew where he could get rid of it and told him he should go to Paula’s Bar and Lounge. The appellant told Wash that, if he would meet her in fifteen or twenty minutes at the filling station just across the river bridge on 14th Street, she would show him where Paula’s was located. As Wash was leaving, she heard her daughter’s husband, Dennis Martin, come out of the bathroom, and heard her daughter call to him. Mrs. McCart stated that her daughter handed her the $20.00 bill and said, “Mama, this is the twenty dollars I let him have-Buddy Ber- *235 doux have-that I was going to give to the baby. You take it and keep it and give it to the baby.”
The appellant’s husband, Dennis Martin, was called as a witness for his wife, and indicated he was willing to testify, though he was under indictment for a transaction not involved with the present case.
Norman Dennis Martin testified that he was at his mother-in-law’s home in Phenix City, Alabama, when Mike Wash drove up on the late afternoon of May 11, 1979. He saw Wash get in a Grand Prix car and drive off just as he, Martin, got out of the shower. Martin stated that his wife told him that Wash had returned the $20.00 which Buddy Berdoux had borrowed, and that neither he nor his wife gave Wash any marijuana then, nor did they later when they met Wash and Deputy Exline at the intersection of 14th Street and Broad in Columbus, Georgia. Martin indicated that they pulled into this corner, which was a used service station no longer in service, and that Mike Wash got out of the car and came over and spoke to them. Wash stated that he wanted to get rid of some marijuana, that he had one-half pound. He stated that his wife, before her marriage to him, was known as Jan McCart, but they had been married for a couple of years, and she used the name of Valoría Jan Martin. He stated that he knew Mike Wash, and that he also knew Deputy Exline when he saw him. He stated that he recognized them when they met them in Columbus and Wash asked for directions to Paula’s Grill. Martin also testified that his wife had called a Columbus police officer, named Ricky Boren, before they left home, but that they had not been able to get in touch with him. He stated that neither he nor his wife handed any package whatever to Mike Wash, but his wife simply gave Wash the directions to get to Paula’s Grill and Lounge.
Valoría Jan McCart Martin testified that she was at her mother’s home shortly after 5:00 p. m. on May 11,1979. She stated that a Grand Prix automobile drove up and Mike Wash got out, walked up on the porch, and asked her if she knew where he could get rid of some pot. She told him the only place she knew was Paula’s Bar and Grill. She stated that she had done some undercover work with a Mr. Ricky Boren of the Columbus Police Department, and that after Wash left her mother’s home she telephoned Columbus Police Headquarters and tried to get in touch with Ricky Boren. The appellant indicated that her husband had just gotten out of the shower and that he drove their Ford over to Columbus where they met Wash and his companion at the intersection of 14th Street and Broad. She stated that they ’ stopped for a few minutes and that Mike Wash came over to the car and asked her the location of Paula’s Bar and Grill. She stated that she gave him the directions and he got back into the Grand Prix automobile with his companion and drove off. The appellant insisted that neither she nor her husband gave any kind of package or plant material, or any other item, to Mike Wash or anyone else on the date in question.
On cross-examination, the appellant admitted a conviction of grand larceny on June 13,1979, in Russell County based upon a plea of guilty.
I
The appellant contends that her motion to exclude should have been granted because her testimony at trial clearly established that, if an offense were committed it was consummated in Columbus, Georgia, so that the Circuit Court of Russell County, Alabama, lacked jurisdiction and venue to try the case.
Section 15-2-3, Code of Alabama 1975 (Title 15, Section 93, Code of Alabama 1940), reads as follows:

“Same-Offense commenced in state and consummated elsewhere.

“When the commission of an offense commenced in the state of Alabama is consummated without the boundaries of the state, the offender is liable to punishment therefor in Alabama; and venue in such case is in the county in which the offense was commenced, unless otherwise provided by law.” (Citations omitted.)
*236 It is clear under the evidence presented by the State that a $20.00 bill was handed to the appellant by the undercover informant, Mike Wash, at the home of the appellant’s mother in Phenix City, Alabama. Prior to going there, Deputy Exline testified that he had searched the informant and made certain that he carried no other money except the $20.00 bill in his wallet. He also searched him to be sure that he had no drugs or narcotics of any kind on his person.
Under the statute above quoted, the offense in question commenced in Phenix City, Alabama, at the home of the appellant’s mother at 1011 16th Street at about 5:20 in the afternoon.
Pursuant to instructions given the informant, Deputy Exline drove them to the corner of 14th Street and Broad in Columbus, Georgia, where, in less than thirty minutes, the two men saw the appellant and her husband drive up. The informant got out of the car and walked to the side of appellant’s black and white Ford automobile where he received a clear plastic bag containing some green leafy plant material. This substance was determined to be 11.9 grams of marijuana.
As may be seen from the evidence set forth above, it is clear that venue was sufficiently proven under the statute above quoted, and Green v. State, 66 Ala. 40, so that venue and the jurisdiction over the offense was properly shown to be in Russell County, Alabama. The trial court therefore properly ruled on appellant’s motion to exclude and motion to dismiss. West v. State, 54 Ala.App. 647, 312 So.2d 45, cert. denied, 294 Ala. 775, 312 So.2d 52.
II
Appellant contended that there was a break in the chain of custody of the marijuana in question because two officers had keys to the evidence locker in the District Attorney’s Office.
The evidence at trial, however, from both Captain Boswell and Criminalist Hudson, clearly established that Boswell removed the manila envelope from the locker and that such had not been opened and contained his initial and the date. Boswell and Hudson then initialed the packet, and it remained sealed until Hudson returned to his offices in Auburn, Alabama, where he opened same and made his examination. Clearly, there was no break in the chain of possession of the marijuana at issue. Hill v. State, 56 Ala.App. 369, 321 So.2d 708, cert. denied, 295 Ala. 405, 321 So.2d 713.
Ill
Appellant’s counsel calls attention to an instance which occurred during the examination of the appellant when the District Attorney asked her on cross-examination, “Isn’t it a fact, Mrs. Martin, that your husband is also charged with the sale of marijuana?” (R. p. 80).
At the outset the record discloses that the question was not answered, but that the trial court immediately sustained defense counsel’s objection and instructed the jury to disregard the question. He also asked them to put it out of their minds and asked if each of them could follow his instructions (R. pp. 80-83).
The trial court then admonished the District Attorney and the defense that indictments against persons not on trial could not be shown as a matter of law and overruled the motion for a mistrial, these rulings being had outside the presence of the jury (R. p. 83).
In Crouch v. State, 53 Ala.App. 261, 299 So.2d 305, cert. denied, 292 Ala. 718, 299 So.2d 312, this Court stated:
“. . . The witness had not answered, hence only a question was in the record. Ordinarily a mistrial is too drastic a penalty in such a posture.
“A mistrial only springs into being upon ‘a manifest necessity * * * or when the ends of justice would otherwise be' defeated.’ Code 1940, T. 30, § 100. Thomas v. Ware, 44 Ala.App. 157, 204 So.2d 501; Harnage v. State, 290 Ala. 142, 274 So.2d 352.” See also, Kendricks v. State, Ala.Cr.App., 378 So.2d 1203 (1979) and Kuczenska v. State, Ala.Cr.App., 378 So.2d 1182, cert. denied, 378 So.2d 1186 (1979).
*237 We have carefully searched this record and find same free of error. The judgment is therefore
AFFIRMED.
All the Judges concur.